UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Frank Applewhite-Bey,

          Plaintiff,

vs.                                                         REPORT AND RECOMMENDATION

Lewis C. Tripoli, M.D.,
Dean Lee, M.D., and
Correctional Medical
Services, Inc.,

          Defendants.                    Civ. No. 05-2160 (DSD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Plaintiff's Motion for Entry of Default Judgment, as well as the Defendants' Motion for Enlargement of Time to Serve and File Answer. The Plaintiff appears pro se, and the Defendants appear by John B. Casserly, Esq. For reasons which follow, we recommend that the Defendants' Motion for

Enlargement of Time be granted, and that the Plaintiff's Motion for Entry of Default Judgment be denied.

## II. Factual Background

The Plaintiff, who is a Minnesota State prisoner, commenced this action under Title 28 U.S.C. §1983, for the alleged wrongful discontinuance of a prescriptive medication for a skin condition. The Plaintiff had previously filed a substantially similar action against the Defendants, which was dismissed, without prejudice, for the failure to effect service of process. See, Applewhite-Bey v. Tripoli, Civ. No. 04-1709 (DSD/RLE)(D. Minn., August 18, 2005).

This action commenced on September 19, 2005, by the filing of a Complaint with the Clerk of Court. On January 30, 2006, it having appeared that one hundred and twenty (120) days had passed and the Defendants had not been served with the Complaint and Summons as required by Rule 4(m), Federal Rules of Civil Procedure, this Court issued an Order, which stated as follows:

> That the Plaintiff is directed to show good cause, in writing, within twenty (20) days of the date of this Order, for an extension of time in which service can be effectuated. In the absence of good cause shown, the Court shall recommend that this action be dismissed for failure to effect proper service upon the Defendants and for failure of prosecution.

Subsequently, on February 13, 2006, Returns of Service were filed, which disclosed that the Defendants Correctional Medical Services, Inc. ("CMS"), and Lewis C. Tripoli's ("Tripoli"), were served with a Summons and Complaint on November 22, 2005. Additionally, the Plaintiff's submission represented that he had effected service of process on the Defendant Dr. Dean Lee ("Lee"), but that Lee "ha[d] not complied with the acknowledgment of service." See, Docket No. 8.

On March 27, 2006, this Court issued another Order, which directed the Plaintiff to:

> Notify the Defendants Correctional Medical Services and Lewis C. Tripoli immediately that they are required to serve and file their Answers or some other responsive pleadings, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed.

Order, Docket No. 9.

On March 27, 2006, the Plaintiff filed a Notice with the Clerk of Court that Tripoli and CMS were served with the Plaintiff's "Motion for Judgment by Default," "Declaration for Entry of Default," and "Notification Pursuant [to] Court Order," by mailing said documents on March 24, 2006. In the "Declaration for Entry of Default," Docket No. 12, the Plaintiff represented that "[t]he Defendants have failed to answer or otherwise

defend as to Plaintiff's Complaint, or serve a copy of any answer or any defense which it might have had, upon affiant (Plaintiff) herein."

On April 5, 2006, Tripoli and CMS filed an Answer, a Motion for Enlargement of Time to serve and file the Answer, as well as a brief opposing any entry of Default Judgment. See, Docket Nos. 20, 23, 26. On April 10, 2006, Lee appeared for the first time, and filed a responsive Answer.

### III. Discussion

According to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." A Judgment of default may, thereafter, be entered on application to the Court. Rule 55(b)(2), Federal Rules of Civil Procedure. "Rule 55(b)(2) commits the entry of a default judgment to the discretion of the district court." United States v. Woods, 2004 WL 790332 at *3 (D. Minn., March 31, 2004), citing FTC v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977), see, Harris v. St. Louis Police Dept., 164 F.3d 1085, 1086 (8th Cir. 1998).

The Federal Rules of Civil Procedure also provide that "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service,

must be filed with the court within a reasonable time after service." Rule 5(d), Federal Rules of Civil Procedure. Within this District, the Local Rules provide that "[a]ll answers and other papers required by Fed. R. Civ. P. 5(d) to be filed shall be filed within 10 days after service thereof; such period is deemed a reasonable time within the meaning of Fed. R. Civ. P. 5(d). D. Minn LR 5.3.

Here, Tripoli and CMS filed an Answer well after the passage of ten (10) days from the date that service was effected. However, they have also represented that they served their Joint Answer, as well as various discovery requests, upon the Plaintiff by United States mail, on November 22, 2005. See, Affidavit of John B. Casserly ("Casserly Aff."), Docket No. 23, Ex. D. The attorney representing the Defendants has further averred that:

> This case is the second one in which the undersigned has operated under the Electronic Court Filing (ECF) system. Therefore, it was the first case in which I practiced in a case using the ECF system without the immediate supervision of an attorney more experienced with the ECF system.
>
> Until I was notified of the Court's March 20, 2006 Order, I believed I had successfully electronically filed a copy of the Joint Answer of Dr. Tripoli and CMS on November 22, 2005. A review of my electronic mail shows that I never received verification of successful filing of the Answer.

Casserly Aff., ¶¶3-4.

Notably, the Plaintiff filed his objections to the Defendants' discovery requests on December 1, 2005, presumably after receiving those requests in documents which accompanied the Defendants' Joint Answer. See, Docket Nos. 4 and 5.

"When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998). Moreover, the Court must take into account, when determining whether a Default Judgment is appropriate, if the party has filed a responsive Answer prior to any entry of Default Judgment. See, Johnson v. Allied Interstate Inc., 2002 WL 190624 (D. Minn., August 19, 2002)("Although the entry of a default against Allied would have been warranted as of the date Johnson brought her motion for default judgment, no default was entered on the docket pursuant to Rule 55(a), and the Court cannot ignore the fact that an Answer has now been filed and Allied is prepared to defend the lawsuit on the merits.").

A Court may enlarge the time for filing a document when the failure to act was the result of excusable neglect. See, Rule 6(b)(2), Federal Rules of Civil Procedure. Our Court of Appeals has also recognized that a failure to file an Answer, or other required pleading, can be excused under certain circumstances, including "excusable

neglect," when faced with the potential of a Default Judgment.  See, <u>Johnson v. Dayton Electric Manufacturing Co.</u>, supra at 784.  Specifically, "excusable neglect includes 'late filings caused by inadvertence, mistake or carelessness'; and whether conduct is excusable is an equitable determination that 'tak[es] account of all relevant circumstances surrounding the party's omission.'" <u>Id.</u> at 784, quoting <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 388, 395 (1993).  Among the factors to be considered are:  the danger of prejudice to the compliant party, the length of the delay and any impact on judicial proceedings, the reason for delay, if the non-compliant party acted in good faith, and the existence of a meritorious defense.  <u>Id.</u>, citing <u>In re Jones Truck Lines, Inc.</u>, 63 F.3d 685, 687 (8th Cir. 1995).

   Here, the Plaintiff does not demonstrate any prejudice arising from the Defendants' failure to timely file an Answer.  The sources of prejudice identified by our Court of Appeals, which would support an entry of a Default Judgment, include the "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." <u>Id.</u> at 785, quoting, <u>Berthelsen v. Kane</u>, 907 F.2d 617, 621 (6th Cir. 1990).  None of those factors are present here.  Further, the Plaintiff was apparently served with the Answer, and proceeded thereafter, as if the Answer were

timely filed. Specifically, the Plaintiff refused to provide the Defendants with requested discovery, and did not move for an Order of Default Judgment until prompted by this Court's Order of March 20, 2006. Furthermore, the Plaintiff was directed to apply for an entry of default if the Defendants failed to respond within ten (10) days receipt of the Plaintiff's notice. Here, the Defendants responded within the time frame provided in the Court's Order and, while the Plaintiff moved for entry of default simultaneously with the notice to the Defendants, the Plaintiff also stated that: "This application will come to fruition within 10 days of filing <u>unless</u> required pleadings are filed pursuant to the Court Order of 3/20/06." <u>Declaration for Entry of Default</u>, <u>Docket No. 12</u>, at 1(emphasis added). As the Plaintiff conditioned his entry of default upon failure to respond to this Court's Order, the Plaintiff cannot now claim that he has been prejudiced by the Defendants' compliance with our Order. Accordingly, we find this factor weighs in favor of denying an entry of default, and of allowing the Defendants additional time in which to file their Answer.

While the Defendants did not file their Answer for nearly four (4) months after the service of the Summons and Complaint had been effected, that delay has not impacted on the progress of this case to a timely resolution.

More importantly, we find that the Defendants acted in good faith, and that the mistake which led to the modest delay was excusable. The simple fact is that the Plaintiff was properly served with an Answer -- the delay arose from the failure to timely file that Answer with the Court. Given defense counsel's explanation, we find that the failure to file an Answer constituted no worse than excusable neglect.

Lastly, the Defendants have asserted that they are entitled to qualified immunity, which could well be a meritorious defense to the Plaintiff's allegations. Defendants' Joint Answer, Docket No. 16, at XIII. Government officials, who are performing discretionary functions, are generally shielded from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. See, Wilson v. Layne, 526 U.S. 603, 609 (1999); Young v. Harrison, 284 F.3d 863, 866 (8th Cir. 2002); Winters v. Adams, 254 F.3d 758, 766 (8th Cir. 2001). For purposes of these Motions, we do not decide if the qualified immunity defense is applicable, but simply recognize that the meritorious defense factor merely requires that "the proffered evidence 'would permit a finding for the defaulting party,' not whether it is undisputed." Johnson v. Dayton Electric Manufacturing Co., supra at 785, quoting, Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). Therefore, as this factor also

weighs against default judgment, and towards allowing the Defendants additional time to file their Joint Answer, the Plaintiff's Motion for Entry of Default Judgment should be denied.

NOW, THEREFORE, It is--

RECOMMENDED:

1.   That the Plaintiff's Motion for Entry of Default Judgment [Docket No. 11] be denied.

2.   That the Defendants' Motion for Enlargement of Time to Serve and File Answer [Docket No. 20] be granted.

Dated:  April 13, 2006              s/Raymond L. Erickson

                                                    Raymond L. Erickson
                                                    CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 1, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 1, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.