UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Frank Applewhite-Bey,

                Plaintiff,

      vs.                        REPORT AND RECOMMENDATION

Lewis C. Tripoli, M.D.,
Dean Lee, M.D., and
Correctional Medical
Services, Inc.,

              Defendants.       Civ. No. 05-2160 (DSD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's self-styled Motions for injunctive relief.

The Plaintiff, who is a Minnesota State prisoner, commenced this action under Title 28 U.S.C. §1983, for the alleged wrongful discontinuance of a prescriptive medicine for a skin condition. The Plaintiff had previously filed a substantially similar action against the Defendants, which was dismissed, without prejudice, for the failure to effect service of process. See, <u>Applewhite-Bey v. Tripoli</u>, Civ. No. 04-1709 (DSD/RLE)(D. Minn., August 18, 2005).

On May 4, 2006, the Court received multiple letters from the Plaintiff,[1] which requested that we issue Orders that direct: (1) the Minnesota Department of Corrections ("DOC") to allow the Defendants' attorney to meet with the Plaintiff and access the Plaintiff's medical file; (2) "Civil Docketing Clerk Vickie Not to Change the Title of this Case Without a Court Order"; and (3) the prison's mail room to discontinue its practice of refusing to mail documents with the suffix "Bey" out to the Defendants, as well as the Court. See, Docket Nos. 36-38. In addition, the Plaintiff included an Affidavit, which succinctly recounts his interaction with each of the parties named in his letters. See, Docket No. 39.

Rule 65, Federal Rules of Civil Procedure, allows Courts to grant injunctive relief -- in the form of Temporary Restraining Orders -- but only upon a showing that:

> (1)  it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney

---

[1] The Plaintiff has also filed a "Motion Moving the Court for an Order Mandating That an Expert Witness is Not Required in This Case," which contends that his asserted medical negligence claim does not require expert testimony. Docket No. 34. As his Motion embraces an issue that will necessarily be addressed in our resolution of any forthcoming dispositive Motions, we defer any resolution on that Motion at this time.

>certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Rule 65(b), Federal Rules of Civil Procedure.

Alternatively, Courts can issue Preliminary Injunctions and, while Rule 65 does not expressly enumerate the requisite elements of proof which would warrant the issuance of a Preliminary Injunction, the Courts have listed the critical showings as follows:

>1) irreparable injury to the movant;
>
>2) the balance between the injury and the harm that the preliminary injunction will cause to the other parties;
>
>3) the movant's probability of success on the merits; and
>
>4) the public interest.

Stuart Hall Co.,Inc. v. Ampad Corp., 51 F.3d 780, 783 n.3 (8th Cir. 1995) citing Calvin Klein Cosmetics corp. v. Lenox Lab., 815 F.2d 500, 503 (8th Cir. 1987); NSP v. Prairie Island, 991 F.2d 458, 463 (8th Cir. 1993), citing Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981); see also, Roberts v. Van Buren Public Schools, 731 F.2d 523 (8th Cir. 1984); Ferry-Morse Seed Co. v. Food Corn, Inc., 729 F.2d 589 (8th Cir. 1984).

Despite such clear prerequisites to the award of equitable relief, the Plaintiff has failed to demonstrate, in his Affidavit or by Verified or Certified Complaint, that he will suffer any immediate and irreparable injury, loss, or damage, if the Court were not to immediately issue the requested Orders.

As best as we can tell, the Plaintiff's Motions are in the nature of requests for injunctive relief. Unfortunately for the Plaintiff, the requested relief exceeds our jurisdiction as invoked by his civil rights action against the Defendants, since the DOC, "Civil Clerk Vickie," and the prison's mail room are not parties to this action. See, Rule 65(d), Federal Rules of Civil Procedure ("Every order granting an injunction and every restraining order * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise"); see also, Pediatric Specialty Care, Inc. v. Arkansas Department of Human Services, 364 F.3d 925, 933 (8th Cir. 2004)("Since CMS was not a party to the underlying action and did not actively participate in the decision to terminate the CHMS program within the meaning of Rule 65, we reverse the injunction as it extends to CMS").

While we applaud the parties' efforts to informally resolve any disputes which may arise throughout this litigation, we are unable to identify any immediate or irreparable injury which will result from the alleged decision of DOC to prohibit a meeting between the Plaintiff and the Defendants' attorney, or from any of the other factual assertions which the Plaintiff offers as a basis for extraordinary relief.

In sum, the Plaintiff has failed to demonstrate any grounds upon which injunctive relief is warranted. Therefore, we recommend that his informal Motions be denied.

NOW, THEREFORE, It is–

RECOMMENDED:

1.	That the Plaintiff's Motion for an Order directing the Prison's Mail Room to send his mailings out with the "Bey" suffix appended to his birth name [Docket No. 36] be denied.

2.	That the Plaintiff's Motion for an Order directing the Minnesota Department of Corrections to allow the Defendants' attorney to meet with the Plaintiff [Docket No. 37] be denied.

3.	That the Plaintiff's Motion for an Order prohibiting any change in the title of this case without a Court Order [Docket No. 38] be denied.

Dated: May 11, 2006	*s/Raymond L. Erickson*

        Raymond L. Erickson
        CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 26, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 26, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.